UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDRA COOK | : | |
| | : | Civil Action No. 10-409 (PGS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| SUPERIOR COURT OF NEW JERSEY, | : | |
| DEPARTMENT OF LAW AND PUBLIC | : | |
| SAFETY | : | |
| | : | |
| Defendants. | : | |

This is an action wherein Plaintiff, Andra Cook seeks to proceed without prepaying court fees or costs. 28 U.S.C. § 1915. For the following reasons, Plaintiff's application is denied, and the complaint is dismissed.

The complaint does not set forth a clear description of the cause of action. Fed. R. Civ. P. 8. Since Ms. Cook declares her right to due process has been violated, the Court believes it is filed as a violation of the civil rights statute, 18 U.S.C. §1983. In a letter attached to the Complaint, Ms. Cook alleges that she received a telephone call from Lucky Ozojie, a case worker in the Division of Child Support (or the Division of Consumer Affairs) on November 16, 2009. Mr. Ozojie "threatened to execute a warrant and push for incarceration," and then he hung up. As a result, she incurred "emotional anguish." Ms. Cook does not sue Mr. Ozojie, but sues two State of New Jersey entities – the Superior Court of New Jersey and the Department of Law and Public Safety. She seeks $325,000 in punitive damages.

Because Plaintiff seeks prepayment of fees pursuant to 28 U.S.C. §1915, before a responsive pleading is filed, the Court must consider whether it has jurisdiction over the case and whether Plaintiff states a claim for which relief can be granted. Pursuant to statute, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2). If a complaint is frivolous or fails to state a claim upon which relief may be granted, dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. If a plaintiff seeks monetary relief from defendants immune from suit, dismissal is appropriate under Rule 12(b)(1). See *Slinger v. New Jersey*, Civil Action No. 07-CV-5561 (DMC), 2008 WL 4126181, at *3 (D.N.J. Sept. 4, 2008).

More specifically, Plaintiff seeks damages from two State of New Jersey entities – the Superior Court of New Jersey and the Department of Law and Public Safety. It is well settled that the State of New Jersey enjoys sovereign immunity from Plaintiff's suit pursuant to both the structural protections of federalism and the Eleventh Amendment. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (1997). "Eleventh Amendment immunity protects not only states but also state agencies, 'as long as the state is the real party in interest.'" *Beightler v. Office of Essex County Prosecutor,* 342 F. App'x 829, 831-32 (3d Cir. 2009) (quoting *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 658 (3d Cir.1989) (en banc), *cert. denied*, 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989)). Additionally, "[t]he Superior Court of New Jersey and its vicinages are part of the judicial branch of the State of New Jersey, and are therefore entitled to Eleventh Amendment immunity." *Beckett v. Vega*, 2006 WL 1320043, at *2 ( D.N.J. May 11, 2006). Thus,

the Superior Court of New Jersey and the State of New Jersey Department of Law and Public Safety are immune in this case.

IT IS on this 14th day of July, 2010

ORDERED that Plaintiff's application to proceed without prepayment of fees under 28 U.S.C. § 1915 is denied, and Plaintiff's complaint is dismissed with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.